THE STATE OF VERMONT *v.* LEWIS C. LOVELL.

*Intoxicating Liquors.*

The form of complaint against a manufacturer of intoxicating liquor, prescribed by § 28, ch. 94, of the Gen. Sts., is sufficient.

One may not distill cider brandy in this state, for his own use, or to sell according to law. Our statute prohibits the manufacture of distilled liquor, and is not in conflict with any provision of the constitution of this state, nor of the United States.

THIS was a grand juror's complaint for being a manufacturer of intoxicating liquor contrary to § 18, ch. 94, of the Gen. Sts. The complaint was in the form prescribed by § 28 of said chapter. Plea, not guilty, and trial by jury, September term, 1873, BARRETT, J., presiding.

The evidence on the part of the state tended to show that the respondent, in connection with one White, deceased, had, previous to the 2d day of August, 1873, distilled at Rockingham, in the county of Windham, six or seven barrels of cider brandy; that the same was in a distillery on said 2d day of August, when it was seized by sheriff Phelps by virtue of a warrant issued under § 22 of the said chapter. The state gave no evidence tending to show that the provisions of the laws of the United States relative to the collection of excise taxes upon the liquors thus seized, had or had not been complied with; nor was any evidence offered to show that the respondent ever had sold, or intended to sell, this cider brandy, or any other intoxicating liquors, in violation of the laws of this state; but the evidence of said Phelps did show,

upon his cross-examination, that he found no measures, tumblers, or any other implements or appearances indicating that the respondent was a dealer in, or common seller of, intoxicating liquors.

The respondent's counsel claimed, and requested the court to hold and instruct the jury, that the respondent had a right to distill cider brandy for his own use and consumption, or for sale without the state of Vermont; that in order to justify his conviction, the jury must be satisfied that he was a common seller of intoxicating liquor within this state, or that this liquor was intended for sale in violation of the laws of this state, and that any other construction of this section of this statute, would be in contravention of the constitution and laws of the United States.

The court declined to hold and charge as requested; but did instruct the jury that if they found that the respondent manufactured the liquors found and seized by the sheriff, either alone or in connection with said White, they should find the respondent guilty. To the omission of the court to instruct the jury as requested, and to the charge as given, the respondent excepted. The jury found the respondent guilty. After verdict and before judgment, the respondent filed a motion in arrest of judgment for the insufficiency of the complaint. The motion was overruled; to which respondent excepted.

*L. S. Walker*, for the respondent.

The case fails to show that the cider brandy manufactured by respondent, was intended for sale in violation of the laws of the state of Vermont, or to be used for other than medical, chemical, or mechanical purposes, or that it was intended to be sold to or used by any one except the manufacturers themselves. All men have the right to acquire, possess, and protect property. Art. I. Bill of Rights.

Man's right to select for himself an occupation, devise and execute plans for acquiring property, is inherent, and when in the exercise of that right he in no manner interferes with or injuriously affects the rights of others, it cannot lawfully be taken from him. All admit that spirituous liquor, for certain purposes,

is useful. The law of this state so recognizes it and makes provision for its sale. It does not prohibit, but regulates or restricts its sale, that it may be obtained where its use is beneficial.

*L. M. Read* and *C. B. Eddy*, for the state.

There was no error in overruling the motion in arrest of judgment. The complaint is in accordance with the form prescribed by law, and is sufficient. Gen. Sts. ch. 94, § 28.

Whether the respondent or the revenue officers had or had not complied with the provisions of the United States excise laws so far as the manufacture of the cider brandy is concerned, can in no wise affect the guilt of the respondent under sec. 18 of said chapter. Acts of Congress approved July 20, 1868; Acts of 40th Congress, ch. 186, § 59.

There was no error in the refusal of the court below to charge as requested, nor in the charge as given. Gen. Sts. ch. 94, §§ 1–18. The intent of the legislature as gathered from the statutes, was to entirely prohibit the manufacture of intoxicating liquors within this state, with certain exceptions contained in §§ 1 and 18. The becoming a manufacturer is what constitutes the offence. It matters not what disposition respondent intended to make of the cider brandy. The section upon which this prosecution is founded, as construed by the court below, is not in conflict with the constitution of this state, or with the constitution and laws of the United States. *Lincoln* v. *Smith et al.* 27 Vt. 328.

The opinion of the court was delivered by

REDFIELD, J. The respondent is prosecuted under the 18th sec. ch. 94, Gen. Sts., for becoming a manufacturer of intoxicating liquor. The evidence proved that he manufactured six or seven barrels of cider-brandy.

I. It is claimed that the complaint is insufficient in not alleging that the liquor was intended for sale in violation of law. This form of complaint is prescribed by statute, and has often been held sufficient.

II. The respondent insists that the organic laws of the state, and the constitution of the United States, protect him in the man-

ufacture of cider-brandy for his own use, or for sale in accordance with law. But the statute forbids the manufacture of distilled intoxicating liquors ; and we are not aware that the statute is in conflict with any provision of the constitution. The general features of this law were very fully discussed in *State* v. *Prescott*, 27 Vt. 194, and *Lincoln* v. *Smith et al.* Ib. 328, REDFIELD, Ch. J. dissenting, not on the ground that the legislature had not the constitutional power to declare intoxicating liquor an outlaw, and to exterminate it as a common enemy of the people ; but the dissenting opinion is founded solely on the provision of the act of 1832, allowing property to be confiscated without proof ; and the act was amended in those respects, while these cases were pending in court.

Cases arising under these state enactments against intoxicating liquors, have been fully discussed in the United States supreme court, and the reasoning of the court somewhat fully canvassed by BENNETT, J., in the case *Lincoln* v. *Smith et al.*, *supra*. And the power of the legislature of a state to prohibit the manufacture and sale of intoxicating liquor, is generally conceded. Most of the arguments have their bearing upon the wisdom and propriety of the law rather than its legal validity ; and of these reasons and arguments, we have no cognizance and no opinion.

The respondent takes nothing by his exceptions.